**IN IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Engin Komu and Luz Komu, | ) | Case No. 20-15447 |
| | ) | |
| | ) | Judge David D. Cleary |
| Debtors. | ) | |

**NOTICE OF OBJECTION**

PLEASE TAKE NOTICE that on October 5, 2020 at 2:30 p.m., I will appear before the Honorable Judge David D. Cleary, or any judge sitting in that judge's place, and present **Creditor Volkan Ozdemir's Objection to Confirmation,** a copy of which is attached.

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at http://www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this Notice of Objection** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

    Volkan Ozdemir

    By: /s/ Julia Jensen Smolka
        One of his attorneys

Julia Jensen Smolka, ARDC# 6272466
Thomas J. Cassady, ARDC #6307705
DiMonte & Lizak, LLC
216 West Higgins Road
Park Ridge, Illinois 60068
Tel: (847) 698-9600
Fax: (847) 698-9623
Email: jsmolka@dimontelaw.com
      tcassady@dimontelaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of September, 2020, she duly served (or caused to be served) upon the persons on the attached service list, via the Court's CM/ECF system or via first class mail, a copy of **Creditor Volkan Ozdemir's Objection to Confirmation**, and this Notice.

By: /s/ Jenna Jarke

### Service List

**Via ECF**

Patrick S. Layng
Office of U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604

Marilyn O' Marshall
224 South Michigan, Suite 800
Chicago, Illinois 60604

Brian P. Deshur
Law Offices of David Freydin, Ltd.
8707 Skokie Blvd. Suite 312
Skokie, Illinois 60077

**Via First Class Mail**

Engin Komu
Luz Komu
1131 S. Springinsguth Road
Schaumburg, Illinois 60193

## IN IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Engin Komu and Luz Komu, | ) | Case No. 20-15447 |
| | ) | |
| | ) | Judge David D. Cleary |
| Debtors. | ) | |

### CREDITOR VOLKAN OZDEMIR'S OBJECTION TO CONFIRMATION

A creditor, Volkan Ozdemir, by his attorneys, Julia Smolka, Thomas Cassady and the firm DiMonte & Lizak, LLC, objects to confirmation of the Chapter 13 plan, and in support of his objection, states as follows:

**Introduction**

Ozdemir objects to the Debtors' Chapter 13 plan because it was not filed in good faith and it does not satisfy the provisions of Section 1322 and 1325(a)(4). First, the plan is not feasible, as the Debtors projected income is significantly higher than their historical income. Second, Debtors have extravagant monthly auto expenses, third, the Plan does not pass the best interest of the creditor test, and fourth, Ozdemir is a secured creditor and is not treated as such.

**A.      Debtors' Plan is Not Feasible, Because They Do Not Have Income to Support the Plan**

Debtors propose to pay $1,875.00 for 60 months in order to fund the plan. See plan, Doc 8. However, historically, and even in their projections, their income is not enough to make those payments. In Debtors' Schedule I, they attached monthly income and expense reports from their business for the months of February 2020 through July 2020. The average income during the six months is $7,508.55. Their monthly expenses, listed on Schedule J, are $6,827.55, leaving only $681.00 per month to make payments.

1

Debtors only made a combined gross income of $1,419.99 in 2019 and $45,471.00 in 2018. They have never come close to grossing $104,424 they need to fund the plan as proposed. The plan is unfeasible.

**B.      Debtors Have a Significant, Unnecessary Auto Expense**

Debtors' have a 2017 Lexus GX with a monthly payment of $857.07. The debtors have two other vehicles, a 2011 Dodge Caravan and a 2005 Lexus. There also appears to be a Toyota sedan leased or purchased by their company. There are only 2 adults in their household. They do not need a luxury auto that will divert $51,424.20 over the term of the plan, which can be devoted to paying back their creditors.

The sense of the § 1325(b)(2) definition is not to leave a debtor with unbridled discretion to carve out for himself and family whatever lifestyle they may choose. How a debtor proposes or intends to carry on his post-confirmation lifestyle in the face of the Chapter 13 "super discharge" has a great bearing on the issue of his motivation, sincerity and whether the plan is proposed in the spirit of Chapter 13. Section 1325(b) is to be applied in a way that allows a debtor to "maintain a reasonable lifestyle while simultaneously ensuring that he makes a serious effort to fulfill his obligations to pre-petition creditors by eliminating unnecessary or unreasonable expenses." In re Rybicki, 138 B.R. 225 (Bankr.S.D.Ill.1992) as quoted in *In re Zaleski*, 216 B.R. 425, 431 (Bankr. D.N.D. 1997). The Debtors should not be able to keep their luxury car in a plan where they are not paying 100% and still obtain a discharge.

**C.      Debtors' Plan Should Not Be Confirmed Because It Fails to be in the Best Interest of Creditors Test**

The "best interest of creditors" test calculates the minimum amount you must pay to your nonpriority unsecured creditors through your Chapter 13 plan. The test ensures that creditors will not be disadvantaged just because you filed for Chapter 13 rather than Chapter 7 bankruptcy. See

2

11 USC (a)(4). In this matter, Debtors' only propose a 64% plan, and total payments of $112,500. Their assets are significantly higher and would result in a greater distribution under Chapter 7.

**D.     Debtors Take Exemptions That Are Unwarranted to Lower Their Distribution to Creditors**

The Debtors take a $30,000 homestead exemption. However, only Engin Komu owns the home. See **Exhibit A** a copy of the deed. Only he is entitled to a homestead exemption, not his spouse who has no ownership in the home. It is a fundamental tenet of the law of exemptions that the debtor must have an ownership interest in the property before an exemption may be claimed. See *In re Hartman*, 211 B.R. 899, 903 (Bankr. C.D. Ill. 1997) A long line of Illinois cases have required that a debtor have title or some ownership interest in property in order to claim a homestead exemption. *Id*. at 903. The $30,000 homestead exemption is wrong, and should only be $15,000.

Debtors also take exemptions in certain autos, a 2005 Lexus, a 2011 Dodge Caravan and a 1998 International. However, under 735 ILCS 5/12-1001(c) it clearly states the exemption exists for "the debtor's interest, not to exceed $2,400 in value, in any one motor vehicle." They cannot spread it over three vehicles. They can only take an exemption on two.

**E.     Debtors Undervalue Their Assets, in an Attempt to Lower Their Distribution to Creditors**

Debtors state their home is worth $300,000. The Cook County Assessor states it worth $384,380.00. See the attached print out from the assessor's office attached as **Exhibit B**. US Bank, their mortgage company, filed a proof of claim for $209,392.74. See claim docket 7. Therefore, taking out one $15,000 exemption, and 10% for the cost for a trustee to sell the home, the sale proceeds would be $121,549.26. Additionally, values on the Dodge Caravan and 2005 Lexus are lower than the Kelly Blue Book trade in values.

3

Debtors have unexempt assets that total at minimum:

$121,549.26 for the house
$ 13,444.13 money in the bank
$   1,700.00 tools of the trade
$   7,410.00 automobiles
$144,103.39

Less Chapter 7 trustee statutory % recovery = $10,455.17 is $133,648.22.

Therefore, any plan should be proposing payments of at least $133,648.22 in order to pass the best interest of the creditor test.

**F.    Debtors Fail to Treat Ozdemir As A Secured Creditor**

Ozdemir is a secured creditor, having recorded a memorandum of judgement against Engin Komu in Cook County pre-petition. Debtors make no provisions for treating or paying Ozdemir as a secured creditor.

**Conclusion**

Debtors have significant issues with their current plan, and it should not be confirmed.

Respectfully submitted,

Volkan Ozdemir

By: /s/ Julia Jensen Smolka
One of his attorneys

Julia Jensen Smolka, ARDC# 6272466
Thomas J. Cassady, ARDC #6307705
DiMonte & Lizak, LLC
216 West Higgins Road
Park Ridge, Illinois 60068
Tel: (847) 698-9600
Fax: (847) 698-9623
Email: jsmolka@dimontelaw.com
tcassady@dimontelaw.com

4